NOT DESIGNATED FOR PUBLICATION

No. 122,084

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ZACHARY D. DEFFENBAUGH,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sumner District Court; R. SCOTT MCQUIN, judge. Opinion filed July 2, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before WARNER, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Zachary Deffenbaugh appeals the district court's order revoking his probation and imposing his underlying prison sentence. We granted Deffenbaugh's motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). Because the district court did not abuse its discretion in revoking Deffenbaugh's probation, we affirm.

In March 2015, Deffenbaugh pleaded guilty to criminal possession of a firearm, a felony, under K.S.A. 2014 Supp. 21-6304. The district court imposed an underlying 10-month prison term but suspended that sentence and placed Deffenbaugh on 18 months' probation. Deffenbaugh agreed to abide by certain conditions during his probation,

1

including paying various court and litigation costs, refraining from using drugs, reporting to an Intensive Supervision Officer (ISO), and obeying the ISO's reasonable demands.

Deffenbaugh violated the terms of his probation on several occasions. For some of these violations, Deffenbaugh waived his right to a hearing and agreed to accept sanctions from his ISO. For example, in November 2016, Deffenbaugh tested positive for methamphetamines and accepted a three-day jail sanction. And in February 2017, he accepted a two-day jail sanction from his ISO after failing to submit to a urinalysis.

Deffenbaugh also received a number of court-imposed sanctions after hearings on his probation violations. In November 2016, the court extended his probation by 12 months when he did not pay various costs. In May 2017, Deffenbaugh did not stay in contact with his ISO or attend several required substance-abuse classes, so the court imposed a 120-day prison sanction and extended his probation for 12 months. In March 2018, the court again extended Deffenbaugh's probation for 12 months after he again failed to report to his ISO for an extended period.

In April 2019, Deffenbaugh violated his probation once again by not reporting to his ISO for over a month. The court revoked his probation and imposed the underlying sentence. Deffenbaugh now appeals that decision, arguing the district court abused its discretion and should have imposed a lesser sanction.

The decision whether to revoke probation "rests within the sound discretion of the district court." *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). A court abuses its discretion when its decision is based on a mistake of fact or law, or when no reasonable person would agree with its decision. *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016).

Deffenbaugh committed his underlying crime and violations between early 2015 and May 2019. During this period, the legislature did not substantively alter K.S.A. 2018 Supp. 22-3716, the probation revocation statute. Though the legislature amended that statute in 2019, our analysis is governed by the earlier version of that statute. See *State v. Ratliff*, No. 121,800, 2020 WL 2097488, at *2 (Kan. App. 2020) (unpublished opinion) (finding the 2019 amendments did not apply to the defendant, whose crime occurred several years earlier, because the amendments did not state they applied retroactively).

K.S.A. 2018 Supp. 22-3716 included a series of graduated penalties for probation violations. *State v. Dooley*, 308 Kan. 641, Syl. ¶ 1, 423 P.3d 469 (2018). Under this framework, if a defendant waived the right to a hearing after violating probation, a supervising court services officer could impose a two- or three-day intermediate sanction without the court's permission. K.S.A. 2018 Supp. 22-3716(b)(4)(A). If the defendant was on probation for a felony, violated his or her probation, and had already received a previous sanction, the district court could impose a sanction of 120 or 180 days in prison. K.S.A. 2018 Supp. 22-3716(c)(1)(C)-(D). And after another violation, the court could revoke probation. K.S.A. 2018 Supp. 22-3716(c)(1)(E). At any stage, the court may choose to modify the conditions of probation. K.S.A. 2019 Supp. 22-3716(c)(1)(A).

The district court did not abuse its discretion by revoking Deffenbaugh's probation here. The court followed the statutory framework. Deffenbaugh received three-day and two-day intermediate sanctions from his ISO in November 2016 and February 2017, respectively. He then received a 120-day prison sanction for the May 2017 violation. The court also declined to impose intermediate sanctions in two of the four violations—the November 2016 and March 2018 violations. Instead, it opted to lengthen Deffenbaugh's probation term. This approach, designed to give Deffenbaugh many opportunities to adhere to the conditions of probation, was eminently reasonable. His continued violations and exhaustion of other sanctions justified the court's revocation decision.

The district court's decision to revoke Deffenbaugh's probation was not an abuse of discretion.

Affirmed.